## E. GEORGE ROGERS & CO. v. BLACK et al.*
## No. 1298.

Court of Appeal of Louisiana.  First Circuit.

May 8, 1934.

Spearing & McClendon, of New Orleans, for appellant.

S. S. Reid, of Amite, for appellees.

LE BLANC, Judge.

This is a suit brought by E. George Rogers, a certified public accountant doing business in the city of New Orleans under the name of E. George Rogers & Co., to recover for the value of services performed by him in auditing the books of Flint Sand & Gravel Company, Inc. Plaintiff alleges that he was employed by Charles Black and E. M. Whitman, both stockholders in the Flint Sand & Gravel Company, Inc., and that he and his employees and representatives put in 212½ hours' work on the job, which, at the regulation day of seven hours, makes a total of thirty days. He alleges that the minimum charge for such work is $20 per day, which is reasonable, and he is therefore entitled to compensation in the sum of $600. He avers amicable demand on both defendants, without avail, and prays for judgment against them both in solido for the full amount of compensation which he claims, with legal interest from judicial demand.

The defense set up by each defendant is that the plaintiff was employed to make this audit for the National Sand & Gravel Company, Inc., of which defendant E. M. Whitman was president, and the Hammond Gravel Company, Inc., of which defendant Charles Black was president, and that in employing him they were both acting in their representative capacities as such, and that neither is personally liable to him in any sum whatever.

The case went to trial on the issue as thus made in the answer of each defendant and resulted in a judgment in the lower court in their favor rejecting the plaintiff's demand at his costs. From that judgment plaintiff has appealed.

■ The defendants, as appear from their answers, are attempting to evade payment by claiming that the debt sued on is not theirs but that of the corporations which they represented in their respective capacities as president of each. Their pleas are in the nature of special defenses, and they carry the burden of proof in support thereof. We are of the opinion that they have not sustained the defense which they have made.

■ The facts as revealed by the record are to the effect that the Flint Sand & Gravel Company, Inc., had bought out the National Sand & Gravel Company, Inc., and the Hammond Gravel Company, Inc., and personally each of the defendants owned only $50 of stock in the Flint Sand & Gravel Company, Inc. One of the contentions made by the defendants is that with such small interest in the Flint Sand & Gravel Company, Inc., it is hardly reasonable to believe that they would have obligated themselves personally to pay for an audit of that corporation's business and affairs. It is shown, however, that the two corporations of which they were, respectively, the presidents and in which they controlled the stock owned a large block of stock each in the Flint Sand & Gravel Company, Inc., and that they themselves were carried on the pay roll of that company at salaries of $300 each per month. It was after the control of the management of the Flint Sand & Gravel Company, Inc., had passed into the hands of other parties and the salaries mentioned had been discontinued that the audit made by plaintiff was ordered by these defendants and we would think that under the circumstances they had quite a strong personal interest in having it made.

*Rehearing refused 155 So. 403.

The services of Rogers were procured through Harry Black, brother of Charles Black. It was he who first called plaintiff over telephone and asked if he was prepared to do some work that his brother wished to have done, and several mornings after again called and requested that plaintiff go to his office the following day as his brother was coming to New Orleans with another man who wanted him to go with them to a meeting of the Flint Sand & Gravel Company. This other man who came to New Orleans with Mr. Charles Black turned out to be Mr. E. M. Whitman, and, according to the plaintiff's testimony of what transpired, there can be but little doubt that he was led to believe that he was being employed by these two gentlemen and by no one else. Plaintiff also testifies that, in his efforts to collect his bill as rendered to these two defendants individually, he received the assistance of Mr. Harry Black especially with regard to so much thereof as he felt his brother had obligated himself for. Mr. Charles Black did not deny any of this, and it is rather significant that Mr. Harry Black was not called as witness to dispute any part of plaintiff's testimony concerning the part he played in the whole transaction. No reason is given for Mr. Harry Black's not being called as a witness, and the presumption which arises from his failure to testify on behalf of his brother and the latter's codefendant, favors the plaintiff in this case.

A circumstance which, in our opinion, also favors the plaintiff, comes from the belated excuse offered by these defendants as their reason for not paying plaintiff for his services. Bill was first rendered on January 5, 1932, made to them personally and accompanied by a letter of the same date in which it is stated that it is for services rendered at their request, and yet it is not until May 3 following, after a number of other communications had been received by them, that Mr. Whitman, in a letter addressed to the plaintiff, raises the point that forms the basis of the defense in this suit. Coming this late, the issue presented by Mr. Whitman strikes us as being somewhat of an afterthought and is now being used as a shield by himself and his codefendant to evade the discharge of an obligation personally incurred by them.

All that we have said so far is aside of the legal question submitted by counsel for plaintiff as to the lack of authority on the part of both of these defendants to have bound their respective corporations for the payment of the audit of another corporation's books, as ordered by them. The view we have taken on the facts in the case, however, makes it unnecessary for us to give consideration to and pass on that proposition.

■ Counsel for the defendants of course call our attention to the well-recognized rule of giving weight and effect to the findings of a trial judge on questions of fact. But the rule also imposes on us the obligation of reversing the judgment of a district judge, when, as in this case, we feel satisfied that he has fallen into manifest error.

For these reasons, it is now ordered, adjudged, and decreed that the judgment appealed from be reversed, annulled, and set aside, and that there be judgment in favor of the plaintiff, E. G. Rogers, doing business under the name of E. G. Rogers & Co., and against the defendants Charles Black and E. M. Whitman, in solido, in the full sum of $600, with legal interest from date of judicial demand until paid and all costs of these proceedings in both the district and appellate courts.